Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Appellant.*



# THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

**Case Number:** 24-2654

Alphonso Nicholas Faggiolo
*Appellant,*

*vs.*

BOROUGH OF RIDLEY PARK,
MICHELLE PORTNOFF, ROBERT P.
DADAY, BARRY C. DOZOR,
RICHARD TUTAK, MARY J. WALK,

*Appellees.*

# APPELLANT'S MOTION FOR SUMMARY ACTION AGAINST APPELLEES MICHELLE PORTNOFF AND ROBERT P. DADAY PURSUANT TO THIRD CIRCUIT LOCAL APPELLATE RULE 27.4(A).

### FAILURE TO PRESENT A SUBSTANTIAL QUESTION AND FAILURE TO SHOW A GENUINE DISPUTE AS TO ANY MATERIAL FACTS PLED BY THE APPELLANT IN HIS CIVIL RIGHTS COMPLAINT [Docket No. 1]

1.      Appellant, Alphonso Nicholas Faggiolo, moves this court for summary action against private third-party debt collectors, Michelle Portnoff and Robert P. Daday, under Third Circuit Local Appellate Rule 27.4(a), as Portnoff and Daday possessed no "official capacity" to collect real estate taxes for the Commonwealth of Pennsylvania (hereinafter Commonwealth). Appellee Borough of Ridley Park, acting through Appellee Richard Tutak, averred in a sworn affidavit that it had no records or documents proving a Borough employee directed and authorized Portnoff and Daday to manufacture and file municipal claims and or liens against the Appellant's

properties. Portnoff's and Daday's Rule 27.4(a) motion [Docket No. 11 - Appellate Court] and their District Court motion [Docket No. 15] failed to present a substantial question, nor can Portnoff and Daday present a substantial question going forward in this appeal. Given these undeniable facts, the Appellant moves this Court to remand this instant matter back to the District Court, for entry of Summary Judgment against Portnoff and Daday; who have failed to show on the District Court record [Docket No. 15] and the Appellate Court record [Docket No. 11], that there is a genuine dispute as to any material facts pled by the Appellant in his civil rights complaint [Docket No. 1]; therefore the Appellant is entitled to summary judgment as a matter of law under Fed. R. Civ. P. Rule 56 (a), (c)(1)(B), (c)(2), and (c)(4).

2.      It is undeniable that Appellees Michelle Portnoff and Robert P. Daday are private third-party debt collectors that falsely claimed they were attempting to collect a debt.

> *"This law firm is a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose".* **[Docket No. 1 - Exhibit B]**

3.      It is undeniable that Appellee Borough of Ridley Park, acting through Appellee Richard Tutak, averred in a sworn affidavit that there were no records or documents in the possession or control of the Borough, which proved a debt was owed by the Appellant or owed for the Appellant's properties. **[Docket No. 1 – Exhibits C3, C3A, C4, C4A]. (See attached Affidavit pg. 4 c-i, pg. 5 d-i).**

4.      It is undeniable that third-party debt collectors Michelle Portnoff and Robert P. Daday, knew, or should've known, the Appellant had no contracts and or transactions with the Borough of Ridley Park, that created debt obligations upon the Appellant or the Appellant's properties.

> *"The terms "debt" and "debtors" are terms of art. Long ago our Supreme Court explained that: Every debt of course is an obligation, but every obligation is not a debt...* **_A debt is_**

> *a sum or money due by contract*, express or implied. But a
> tax is not a debt. It is not founded upon contract. It does not
> establish the relation of debtor and creditor between the
> taxpayer and the [governmental entity].[1] *A debt arises*
> *from a contract*... A tax, as explained by our Supreme
> Court, does not arise from a contract, and a delinquent
> taxpayer is not a "debtor".[2]"

5.     It is undeniable that Appellee Borough of Ridley Park, acting through Appellee
Richard Tutak, averred in a sworn affidavit that there were no records or documents
in the possession or control of the Borough, which proved a member of the Borough
government directed and authorized Michelle Portnoff and Robert P. Daday to
manufacture and file municipal claims and or liens against the Appellant or the
Appellant's properties. **[Docket No. 1 – Exhibits C10, C10A]. (See attached**
**Affidavit pg. 9 j-i).**

6.     It is undeniable that private third-party debt collectors Michelle Portnoff and
Robert P. Daday, **acted of their own accord**, against the Appellant and or
Appellant's properties, with no appearance of due process or the rule of law.

7.     It is undeniable that the Borough of Ridley Park is a taxing district within the
meaning of the **1) Local Tax Enabling Act; 2)** the **General County Assessment**
**Law** - Act of May. 22, 1933, P.L. 853, No. 155; **3)** the **Municipal Claim And Tax**
**Lien Law** - Act of May 16, 1923, P.L. 207, No. 153; and the **4) Real Estate Tax Sale**
**Law** - Act of Jul. 7, 1947, P.L. 1368, No. 542.[3]

8.     It is undeniable that the Delaware County Tax Claim Bureau (hereinafter "the
Bureau") is a county office, **established by the Real Estate Tax Sale Law,**
supervised by the Delaware County Commissioners and charged with various real
estate tax collection obligations under the Real Estate Tax Sales Act.[4]

---

[1] Roethlein v. Portnoff Law Associates, LTD (2011
[2] In re Moorehead's Estate, 289 Pa. 542, 553, 137 A. 802, 806 (1927)
[3] Pennsylvania Land Title Ass'n v. East Stroudsburg Area School District, 913 A.2d 961 (Pa. Commw. Ct. 2006)
[4] See Id. 3

9.    It is undeniable that the tax claim bureau, as a taxing authority, is authorized to use the provisions of the Municipal Claim and Tax Lien Law to collect delinquent taxes from **statutory Taxpayers,** and is required to comply with the provisions of the Real Estate Tax Sales Law (72 P.S. Sec 5860.201a(a)), then it stands to reason that **Michelle Portnoff and Robert P. Daday,** purporting to be collecting taxes for the **Borough of Ridley Park**, who opted to use **ONLY** the "Municipal Claim and Tax Lien Law" provisions, would likewise be **required to comply with the provisions of Real Estate Tax Sales Law, the General County Assessment Law, and the Local Tax Enabling Act**; even if they were collecting from a **statutory Taxpayer**.

> *"Thus, if a tax claim bureau, as a taxing authority, is authorized to use the provisions of the MCTLA to collect delinquent taxes yet, is still required to comply with the provisions of the RETSL (72 P.S. Sec 5860.201a(a)), then it stands to reason that other taxing authorities, like the School Districts, who have opted to use the MCTLA provisions, would likewise be required to comply with the RETSL provisions."[5]*

> *Section 201.1(a) of the RETSL, 72 P.S. § 5860.201 a(a), provides: In lieu of or in addition to creating a bureau, counties are authorized to provide by ordinance for the appointment and compensation of such agents, clerks, collectors and other assistants and employes, either under existing departments, in private sector entities or otherwise as may be deemed necessary, for the collection and distribution of taxes under this act. Any alternative collection method shall be subject to all of the notices, time frames, enumerated fees and protections for the property owners contained in this act.... (emphasis added).*

> *Since the statutes are very similar and work concurrently, the choice to use the procedures of the MCTLA to collect delinquent school taxes does not relieve the School Districts or Tax Collectors of their duty to make returns to the Monroe County Tax claim Bureau as required § 5860.306 of the RETSL. (emphasis added and in original)*

10.     As the court in ***Pennsylvania Land Title Ass'n v. East Stroudsburg Area
School District*** stated. when correcting the School Districts, who erroneously
believed that they could authorize **Portnoff Law Associates** to collect taxes using
only the "Municipal Claim and Tax Lien Law", in lieu of the **"Real Estate Tax Sale
Law"** and the **"Local Tax Enabling Act"**: *"the statutes are very similar and work
concurrently"*.

> *"Initially, the School Districts assert that statutorily they
> chose to collect delinquent taxes pursuant to the Municipal
> Claims and Tax Liens Act (MCTLA), 53 P.S. §§ 7101-7505
> and, as a result, were not required to comply with Section
> 306(a) of the RETSL, 72 P.S. § 5860.306(a). The School
> Districts assert that under Pennsylvania law a taxing
> district may collect delinquent school taxes under either of
> the following; the MCTLA, the RETSL, or the Local Tax
> Collection Law (LTCL)."*
>
> ***"After review of the applicable statutory authority, this
> Court rejects the School Districts' argument, and concurs
> in the trial court's analysis that Section 306(a) of the
> RETSL, 72 P.S. § 5860.306(a) requires the School
> Districts "to make returns to the tax bureau" of all
> delinquent taxes.***

11.     As the court further stated in ***Pennsylvania Land Title Ass'n v. East
Stroudsburg Area School District:*** *"We have reviewed the provisions of the MCTLA
and find no provision that repeals § 5860.306 requiring receivers, i.e. taxing districts,
or tax collectors to make returns to the tax claim bureau.* **Thus, there is no conflict
between the two statutes regarding the requirement for making returns of
delinquent taxes to the tax claim bureau. Moreover, § 5511.21(b) of the LTCL,**
*which authorizes a taxing district to recover unpaid taxes after a return is made to a
bureau,* **clearly recognizes the requirement of § 5860.306**. *The Court in* ***Wallingford
\Swarthmore School District v. Kuyumjian***, **155 Pa. Cmwlth. 635, 625 A.2d 1305
(1993)** *further stated that the authority of a taxing district to recover unpaid taxes*
**after a return has been made to a bureau has been the long standing law of this
Commonwealth**. *Wallingford, supra at 1307, citing Tremont Township School
District v. Western Anthracite Coal Co.*, **364 Pa. 591.73 A.2d 670 (1950).**

12.      It is undeniable that the term **"TAXPAYER"**, used by the Appellees **21 times** in their Local Rule 27.4(a) motion, is explicitly defined by the Pennsylvania Assembly, in the **"Local Tax Enabling Act"** as: *"Taxpayer: **A person or business** **required under this act to file a return of an income tax or to pay an income tax**. The term includes a person or business that filed a return of taxable income during the prior year but that had no taxable income during the current year **and was** **required by the tax collector to file a final return** indicating why the person or business no longer has taxable income. **The term does not include a person or** **business with no taxable income, which person or business shall not be required to** **file a return of income or to pay an income tax under this act.*** The Appellant does not generate taxable income in the Commonwealth, County of Delaware, or the Borough of Ridley Park taxing districts, and is not a person or business required to file returns with the Commonwealth, County, or the Borough.

13.      It is undeniable that the Appellant is **not a Resident or a Non-Resident** of the Borough of Ridley Park taxing district, as defined by the Local Tax Enabling Act – Section 501:

> **"Resident."** *A person or business **domiciled in the** **political subdivision** levying the tax.*
>
> **"Resident tax."** *An income tax levied by: (1) a municipality on a resident of that municipality; **or** (2) a school district on a resident of that school district.*
>
> **"Nonresident."** *A person or business **domiciled outside** **the political subdivision levying the tax and performing** **services within the political subdivision** levying the tax for at least 90 or more consecutive days.*
>
> **"Nonresident tax."** *An income tax levied by a municipality on a nonresident who has performed services within the political subdivision levying the tax for at least 90 or more consecutive days.*

14.      It is undeniable that the Appellant is **not Domiciled in the Borough of Ridley** **Park** taxing district.

"**Domicile.**" ***The place where a person lives*** *and has a permanent home and to which the person has the intention of returning whenever absent. Actual residence is not necessarily domicile, for domicile is the fixed place of abode which, in the intention of the taxpayer, is permanent rather than transitory. Domicile is the voluntarily fixed **place of habitation** of a person, not for a mere special or limited purpose, but with the present intention of making a permanent home, until some event occurs to induce the person to adopt some other permanent home. In the case of a business, domicile is that place considered as the center of business affairs and the place where its functions are discharged.* **Local Tax Enabling Act Section 501 – Domicile**

**Habitation.**
*"**In the civil law. The right of a person to live in the house of another without prejudice to the property.** It differed from a usufruct, in this: that the usufructuary might apply the house to any purpose, as of a store or manufactory; whereas the party having the right of habitation could only use it for the residence of himself and family. 1 Browne, Civil Law, 184."* **Black's Law Dictionary, 4th ed.**

15.    It's undeniable that Appellant requested records through the Pennsylvania Right to Know Law, requesting **records that the Borough of Ridley Park relied on for: 1)** evidence that a **taxable situs** exists with Appellant's properties; **2)** evidence that **Pennsylvania Statutes Title 53** applied to the Appellant and his properties; **3)** evidence that Borough of Ridley Park **Ordinances and Resolutions** applied to the Appellant and his properties; 4) evidence that Appellant and his properties are **subjects of taxation** and that the Appellant is a **Taxpayer**, and 5) evidence that Appellant is an **Inhabitant, Resident, Citizen, or Member of the Borough of Ridley Park** municipal corporation. **(See attached Affidavit pg. 2 a. i., pg. 6 f. i., pg. 6 g. i., pg. 7 h. i., pg. 8 i. i.)**

16.    It is undeniable that the Borough of Ridley Park FAILED to provide the Appellant, any tax returns filed by the Appellant required under the **Local Tax Enabling Act Section 501 - Taxpayer**, any tax returns filed by the Borough's tax collector with the County of Delaware Tax Claim Bureau required by the **Real Estate**

**Tax Sale Law Section 306(a) - Return of Property and Delinquent Taxes,**
**Interest; Settlements by Tax Collectors**; or any other records, required by law, that
proved up the Appellant is a statutory Taxpayer under the law.

17.    It is undeniable that nothing District Court judge Joel Slomsky did in the past
or could do in the future, nor anything the other named Appellees did in the past or
could do in the future, can grant "**official capacity**" and **"authorization"** to Michelle
Portnoff and Robert P. Daday to collect **"real estate taxes"** for the Commonwealth,
when it's a fact that **the Pennsylvania Assembly itself, never granted official**
**capacity to third-party debt collectors, Portnoff and Daday, to collect real estate**
**taxes for the Commonwealth, and never authorized Portnoff and Daday to**
**execute legal documents in the Commonwealth's name!**

> *"It would be strange, indeed, if the legislature by creating*
> *a body politic or corporate to exercise a legislative*
> *function, could do indirectly what it may not do directly. It*
> *seems too plain for cavil that, if a mere creature of the*
> *legislature can do what the legislature itself is*
> *constitutionally prohibited from doing, the carefully*
> *designed [constitutional] prohibition... could be rendered*
> *useless. Such a result is not to be sanctioned."* **Buckwalter**
> **v. Borough of Phoenixville, 985 A. 2d 728 - Pa: Supreme**
> **Court 2009**

18.    It is undeniable that **third-party debt collectors** Michelle Portnoff and Robert
P. Daday are **not the Borough of Ridley Park Tax Collector**, and possessed no
official State sanctioned authority to **unilaterally impose Commonwealth tax**
**statutes and liens against the Appellant and or the Appellant's properties**,
without any appearance of due process or the rule of law!

> **8 PA Cons Stat § 1086 (Powers and duties of tax collector)**
> (a) General rule—Except as otherwise provided in subsection
> **(b), the tax collector shall be the collector** of all State,
> county, borough, school, institution district and other taxes
> **levied within the borough by the authorities empowered to**
> **levy taxes**.

**(b) Exception.—**

    **(1)** No tax collector may collect **any tax levied and imposed under** the act of December 31, 1965 (P.L.1257, No.511), known as **The Local Tax Enabling Act**, unless the ordinance imposing the tax provides that **the tax collector shall be the collector of the tax.**

    **(2)** No ordinance, however, may authorize the collection of income taxes in a manner other than that provided in Chapter 5 of The Local Tax Enabling Act.

**19.**    It is undeniable that nothing District Court judge Joel Slomsky did in the past or could do in the future, nor anything the other named Appellees did in the past or could do in the future, can change the facts stated within, and pled in the Appellant's civil rights complaint [Docket No. 1].

**20.**    It is undeniable that third-party debt collectors Michelle Portnoff and Robert P. Daday, **failed to present a substantial question** on the District Court record [Docket No. 15] and the Appellate Court record [Docket No. 11], and **failed to show that there is a genuine dispute as to any of the material facts** pled by the Appellant in his civil rights complaint [Docket No. 1]; therefore the Appellant is entitled to summary judgment as a matter of law under Fed. R. Civ. P. Rule 56 (a), (c)(1)(B), (c)(2), and (c)(4).

## *Submitted this 3rd day of October 2024.*

*Alphonso Nicholas Faggiolo*

Alphonso Nicholas Faggiolo
*Appellant.*

## *Certificate of Service*

I, Alphonso Nicholas Faggiolo, certify that on the 3rd day of October, 2024, a true and correct copy of the above was mailed via U.S.P.S and emailed to:

Donald E. Wieand
Stevens & Lee
840 W. Hamilton Street, Suite 521
Allentown, PA 18101
donald.wieand@stevenslee.com

Michael F. Schleigh
Hardin Thompson, P.C.
Wells Fargo Building
123 South Broad Street, Suite 2235
Philadelphia, PA 19109
mschleigh@hardinlawpc.net

Ernest Spiros Angelos, Katherine
Meehan
Raffaele Puppio
19 West Third Street
Media, PA 19063
eangelos@raffaelepuppio.com
meehan@raffaelepuppio.com

Nicole Feigenbaum
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Nicole.Feigenbaum@pacourts.us

by *Alphonso Nicholas Faggiolo*
_____
Alphonso Nicholas Faggiolo

## AFFIDAVIT

I,        Richard Tutak, being duly sworn according to law do hereby assert and aver:

1.    I am the Ridley Park Borough Manager and Right-To-Know Officer.

2.    The Borough has limited administrative office staff, consisting of one Borough Manager, a

Borough Secretary, an Administrative Assistant and an Accounts Payable employee.

3.      On March 23,2022, the Borough received a Right-to-Know Request via Fax from Mr.

Alfonso Faggiolo requesting various documents: A true and correct copy of the request is attached hereto

under Exhibit "A."

4.      I was out of the office March 23-28, 2022 during which time the request was received. When

I was informed of the request, I determined a 30 day extension to respond would be necessary to enable me to

locate any documents in response.

5.    Therefore I directed my Administrative Assistant to send the 30 day extension.

6.    Unfortunately, due to a clerical mistake, instead of an extension letter being sent, a denial

letter for an unrelated Right-To-Know was sent to Mr. Faggiolo on March 25,2022.

7.    Despite the incorrect assumption of an extension request being sent, due to the above

referenced limited staffing at Borough Hall, we were unable to comply with the extension and this appeal was

filed.

8.    Oil April 28, 2022, Mr. Faggiolo filed this instant appeal in response to the mistaken sent

denial letter.

9.    After receiving the appeal on the same day, April 28, 2022,I commenced looking through the

Borough's files in an attempt to locate documents which may satisfy Mr. Faggiolo's request.

10.    Upon review, it was apparent on the face of the letter that the wrong letter had been sent to

Mi*. Faggiolo.

11.    Overall Mr. Faggiolo's request was a combination of record requests and questions.

12.     Delaware County maintains the county tax records, and Ridley Park Borough does not maintain records related to school taxes.

13.     Since we have had a chance to review the request, the below are the responses to Mr. Faggiolo's request:

    a.      *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence there is a Taxable Situs for each of the properties, commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

        i. Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente* v. *Clifton Heights Borough,* OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News* v. *Ewer Paxton Twp.,* OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding tire foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request.

        Accordingly, Mr. Faggiolo's request should be denied.

b.  *Provide the legally and lawfully promulgated records the Borough of Ridley Park*
*relied on, that evidence the borough of Ridley Park has ownership, interest, or*
*rights, in the properties commonly known as 1) 505 Johnson Avenue, Ridley Park,*
*Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane*
*Avenue, Ridley Park, Pennsylvania.*

    i.  Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough,* OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News* v. *Lower Paxton Twp.,* OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request.

    Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which

the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

c. *Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute" of the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania; is a debtor, that owes debts to the Persons doing business as the Borough of Ridley Park*

   i. Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough,* OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.,* OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies tills request.

   Accordingly, Mr. Faggiolo's request should be denied.

d.  *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence a debt of any kind, whatsoever, is owed to the Borough of Ridley Park, for the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

  i.  Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record.

  Accordingly, Mr. Faggiolo's request should be denied.

e.  *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute " of the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania; "breached the law."*

  i.  Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally,

pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record.

Accordingly, Mr. Faggiolo's request should be denied.

f.    *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence "Pennsylvania Statutes Title 53 " applies to Alphonso Nicholas Faggiolo and/or his properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

   i. Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record.

   Accordingly, Mr. Faggiolo's request should be denied.

g.    *Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Borough of Ridley Park "Ordinances and Resolutions" apply to Alphonso Nicholas Faggiolo and/or his properties, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane*

*Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania.*

    i. Initially, the foregoing requests the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough,* OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.,* OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

*h. Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo and/or his properties, commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania, are Subjects of Taxation, and that Alphonso Nicholas Faggiolo is a Taxpayer pursuant to the Commonwealth of Pennsylvania tax codes.*

i.      Initially, the foregoing requests the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough,* OOR Dict. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp-,* OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

ż. *Provide the legally and lawfully promulgated records that evidence Alphonso Nicholas Faggiolo is an Inhabitant, Resident, Citizen, or Member of the Borough of Ridley Park municipal corporation.*

i. Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of (he Right to Know Law, the Borough is not

required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record.

Accordingly, Mr. Faggiolo's request should be denied.

j.    *Provide a record of who, EXACTLY, from the Borough of Ridley Park directed and authorized Portnoff Law Associates to file Municipal Claims against 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

i.    Pursuant to section 901 of the Right to Know Law, the Borough Iras made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record.

Accordingly, Mi'. Faggiolo's request should be denied.

k.    *Portnoff Law Associates has no personal knowledge regarding the municipal claims they created and filed with the County of Delaware Court of Common Pleas Office of Judicial Support, designated as Cases CV-2021-062985, CV-2021-062986, and CV-2021-062988. Provide a list of the names and job titles of the Borough of Ridley Park witnesses, that will be appearing and testifying to*

*support these Portnoff Law Associate Municipal Claim filings, at the 31 May*

*2022 and the 7 June 2022 Motions hearings, that Alphonso Nicholas Faggiolo*

*scheduled to address these matters.*

   i. Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in wliich the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

*l.   Provide a copy of the contract/agreement between Portnoff Law Associates and the Borough of Ridley Park, which Portnoff Law Associates is relying on, to claim that they are authorized to act for, and are acting for, the municipal corporation doing business as the Borough of Ridley Park.*

   i. The Borough has determined that this document requested is public record. The requested information is attached to this affidavit as Exhibit "B."

*in. Provide a copy of the bonds and/or insurance policies that the Borough of Ridley Park relies on to pay for any damages that may have been caused to Alphonso Nicholas Faggiolo, for the filing of erroneous and/or fraudulent Municipal*

*Claims, against Property that the Borough of Ridley Park has no jurisdiction*

*over, no ownership of, no interest in, and no rights in, whatsoever.*

i. The Borough has determined that this document requested is public

record. The requested information is attached to this affidavit as Exhibit

"C."

Richard Tutak, Jr.

SworiLto and subscribed before me this
___7'^ day_ of 2022

Notary Public

Common wealth of Pennsylvania - Notary Seal
Colleen M.Scattolini, Notary Public
Delaware County
My commission expires January 16.2026
Commission number 1323083
Member, Pennsylvania Association of Notaries